Hazel SWAIN, Administratrix of the Estate of Otho Swain, Deceased, Appellant,

v.

MISSISSIPPI VALLEY BARGE LINE COMPANY.

No. 12148.

United States Court of Appeals Third Circuit.

Argued May 15, 1957.

Decided May 20, 1957.

Rehearing Denied June 14, 1957.

---

6. It may be noted parenthetically that both Ralph Paiewonsky and Gordon had served as chairman of the Municipal Council of St. Thomas and St. John.

822

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Bruce R. Martin, Pittsburgh, Pa., (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before STALEY and HASTIE, Circuit Judges, and SORG, District Judge.

PER CURIAM.

Appellant's decedent, Otho Swain, worked as a deck hand aboard the vessel of defendant-appellee. On January 23, 1948, the vessel was tied up at a lock in the Ohio River. At 5:20 p.m. the same day, Swain was observed boarding her. There was evidence that the ship's cook reported to the captain that Swain was argumentative and intoxicated. The captain himself ate dinner with Swain and conversed with him. He testified that he smelled liquor on decedent's breath and observed him, in the words of the district court, "under the influence of alcohol to a slight degree." Decedent Swain was last seen alive in the dining room. A subsequent search of the vessel proved fruitless, and his body was discovered some months later in the Ohio River, the victim of drowning. This suit, brought under the Jones Act, 46 U.S.C.A. § 688, and tried to the district court without a jury, is predicated on the allegation that the captain's negligence in failing to examine decedent and otherwise care for Swain as his ward was the proximate cause of Swain's death. Aside from the question of the captain's duty under these circumstances, the district court made the following finding of fact:

"There is no evidence to indicate that the decedent's condition was the proximate cause of his death."

This finding was certainly a permissible inference under the circumstances. The record before us is devoid of any evidence of a causal conection between decedent's condition and his death, and oral argument did not indicate that there was such evidence. We are unable to say, therefore, that the district court's finding was clearly erroneous, or that we are left with any firm impression that it was wrong.

The judgment of the district court will be affirmed.